ROBERTSON & *a.* v. THE NORTHERN RAILROAD.

Under *s.* 10, *c.* 229, Gen. Laws, a party who gives notice of the taking of depositions, and does not take a deposition in pursuance thereof, is liable to the adverse party in the sum of twenty-five cents a mile for actual travel of himself or his attorney to attend the same, although he is not guilty of actual fault or neglect, the failure being caused by the unexpected omission of the witness to attend.

*Voght* v. *Ticknor,* 47 N. H. 543, affirmed and followed.

CASE, to recover costs under *s.* 10, *c.* 229, Gen. Laws. In the bill in equity pending between these parties, on application of the

defendants, and against the plaintiffs' objection, one of the justices of the supreme court authorized a commission to issue to a consul or vice-consul of the United States, or, in the absence of both, to a notary public, to take the deposition of Henry C. Sherburne in behalf of the defendants, at either London, England, Paris, France, or Brussels, Belgium, on sixty days' notice to the plaintiffs' attorneys. June 8, 1885, the defendants notified the plaintiffs' attorneys that the deposition of said Sherburne would be taken at Fenton's hotel, London, England, on August 10, 1885, at 11 o'clock in the forenoon. The plaintiffs' counsel attended at said time and place, and for that purpose travelled from Concord, New Hampshire, to London; but the defendants neglected to take Sherburne's deposition, because he did not attend.

The plaintiffs claim twenty-five cents a mile for the actual travel of their attorney to attend the taking of depositions under said notices; and the defendants claim they are entitled, if to anything, to the actual sum they are compelled to pay out, providing it is less than twenty-five cents a mile. The consul-general's report is made part of the case.

*Bingham & Mitchell*, for the plaintiffs.

*Wm. L. Foster*, for the defendants. Is the term "may" in this statute to be construed as imperative, in the sense of shall, or does it indicate that the discretionary power of courts, with regard to the limitation of statutory costs, may be exercised in such a case as this? The word may is sometimes a permissive and sometimes a directory word in the construction of a statute. It has frequently been held that the word is to be construed "must" or "shall" where, and only where, public interests and rights are concerned, and where the public or third persons have a claim *de jure* that the power should be exercised. In other cases the enactment is not imperative. *Blake* v. *P. & C. Railroad*, 39 N. H. 435.

In view of the facts and circumstances disclosed in the consul-general's report, we apprehend this court will fail to recognize such public interests or private claims *de jure* (of right, distinguished from *de gratia)* as shall require this corporation or its innocent directors to pay the plaintiffs ten times the expense of their attorney's journey to London. Certainly the plaintiffs' claim will never prevail *de æquitate*.

Judge *Story* says no general rule of construction can be laid down on this subject further than that "that exposition ought to be adopted which carries into effect the true intent and object of the legislature in the enactment. The ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the provisions." *Minor* v. *Mechanics' Bank*, 1 Pet. 46, 64; *Buffalo Plank Road Co.* v. *Commissioners*, 10 How. Pr. 237; *State ex. rel. Kyger*, v. *Holt County Court*, 39 Mo.

36*

521, 524; *Seiple* v. *Borough of Elizabeth*, 3 Dutch. 407, 410; *Williams* v. *The People*, 24 N. Y. 405; *Proctor* v. *Green*, 59 N. H. 350, 352; Potter's Dwarris 220, *n.* 27.

The usual import of the word as used in a statute is permissive. The primary, ordinary, popular, and grammatical sense of the word is also the ordinary and usual legal one. The other is the exception. *Warner* v. *Beers*, 23 Wend. 103, 156; *Com.* v. *Haynes*, 107 Mass. 194, 197; *Cooke* v. *The Bank*, 52 N. Y. 96; *Kelly* v. *Morse*, 3 Neb. 224, 228; *Beasley* v. *The People*, 89 Ill. 571, 576.

In looking for " the true intent and object of the legislature in this enactment," we should also consider other words in the same section. " If any party, after giving notice, * * * neglects or refuses to take a deposition." The legislature did not say, If any party shall fail to take such deposition, nor, If such deposition shall not be taken; but if the party "neglects or refuses," implying carelessness, by neglect, or wilful and intentional non-feasance, by refusal.

From the consul-general's report and papers thereto annexed, it appears that Mr. Sherburne, after leaving this country, remained in London and Paris till July 25, on which date he went to Switzerland. He telegraphed Mr. Benton, at London, that he would be in London August 8, if able; but on August 7 he telegraphed from Lausanne that he could not come to London by the 10th, and on that day (the 7th) left for Lucerne, to which place Mr. Benton, on August 12, having then just learned that he was at Lucerne, telegraphed him to come to London at once, as the consul was waiting to take his deposition.

The caption having been adjourned from the 10th to the 12th, Mr. Benton applied to the consul to have the same further adjourned or kept open. This application was resisted by the plaintiffs' counsel; and on August 13 the defendants' counsel informed the consul that he was satisfied he could not obtain Mr. Sherburne's attendance within a reasonable time.

The failure to take the deposition not being by reason of any fault or neglect of the party giving the notice, the statute does not apply to this case; and the plaintiffs' sufficient remedy, on account of their expenses, is afforded by the discretionary power of the court to allow such costs in the pending suit, in which the notice of caption was given, as the court may deem just. G. L., *c.* 233, *s.* 2.

If it should be considered that the statute is applicable to the circumstances of this case, we may suppose the legislature intended to fix a maximum measure of damages, which might be the standard in case of gross negligence or wanton refusal, but which should not be the imperative rule in a case, like this, of accident and misfortune in the exercise of good faith and honest, strenuous endeavor.

This is a penal statute, and as such it must receive a strict construction. By such interpretation, general words are restrained, if

necessary, for the benefit of the party against whom the penalty is inflicted. Such a statute, while interpreted with regard to the probable intention of the legislature, is never extended by implication. Much less will any of its terms be governed by an unusual definition. The ordinary signification of "may" will not be rejected, and an unusual definition substituted. If there is such an ambiguity as to leave reasonable doubts of the meaning of the words employed, the court will not inflict the penalty. *The Enterprise,* 1 Paine 32. And in all cases under penal statutes, where there is a question of doubt, the party of whom the penalty is claimed is entitled to the benefit of the doubt. *Chase* v. *N. Y. Cent. R. R. Co.,* 26 N. Y. 523 ; 1 Black. Com. 88 ; *Pike* v. *Jenkins,* 12 N. H. 255, 261.

The statutory penalty is intended to provide for and secure the damages really incurred by the defendants' neglect and refusal. In no circumstances will the court regard it as liquidated damages. If in any case the prescribed penalty may be inflicted, the present is not the case in which damages equal to the full compensation of the plaintiffs should be increased by the addition of a fine for the punishment of innocent defendants. The question here should be, *Quantum damnificatus ?*

Counsel also cited and commented on *Voght* v. *Ticknor,* 47 N. H. 543 ; *Clark* v. *Lisbon,* 19 N. H. 286, 287 ; *Perkins* v. *Pitman,* 34 N. H. 261 ; *Bendetson* v. *French,* 46 N. Y. 266 ; *Rosenplaenter* v. *Roessle,* 54 N. Y. 268 ; *King* v. *Burrell,* 4 Jur. 1109, 1111, 1112 ; *Marlborough* v. *Commissioners,* 9 Met. 423, 428 ; *Merrifield* v. *Cobleigh,* 4 Cush. 178, 185 ; *Willoughby* v. *Willoughby,* 9 Ad. & E. (N. S.) 923, 930 ; *Railroad* v. *Spearen,* 47 Penn. St. 300, 305 ; *Schum* v. *Railroad,* 107 Penn. St. 8, 11 ; *Railroad* v. *Yarwood,* 17 Ill. 509, 519 ; *State* v. *Railroad,* 52 N. H. 528, 557 ; *Paine* v. *Railway,* 58 N. H. 611, 613 ; *Reeves* v. *Railroad,* 30 Penn. St. 454, 457, 461 ; *Watson* v. *Hall,* 46 Conn. 204–207 ; *Telegraph Co.* v. *McDaniel,* 1 Western Reporter 274 ; *Hall* v. *Brown,* 54 N. H. 495 ; *State* v. *Smith,* 18 N. H. 91 ; *Tyler* v. *Flanders,* 57 N. H. 620 ; *State* v. *Daniels,* 44 N. H. 383, 386 ; *F.* v. *F.,* 1 N. H. 198 ; Cool. Torts 630.

ALLEN J. "If any party, after giving notice to the adverse party, as aforesaid, neglects or refuses to take a deposition, such adverse party may recover twenty-five cents a mile for actual travel of himself or his attorney to attend the same, by action on the case, unless seasonably notified in writing, signed by the party giving such notice, that such deposition will not be taken." G. L., *c.* 229, *s.* 10.

The defendants claim that upon a fair interpretation of this statute, the plaintiffs can only recover their necessary expenses, not exceeding twenty-five cents a mile, for actual travel in attending at the place notified for the caption of the deposition.

The interpretation of the statute is the ascertainment of the legislative intention ; and that intention is found by the natural weight of competent evidence.   Evidence of an intention that the suffering party should recover the whole sum indicated in the statute, is found in the fact that language is used similar to that frequently used in other statutes for the recovery of a definite sum as liquidated damages.   The money expended by one town in the support of a poor person chargeable to another town, " may be recovered" of the town chargeable (G. L., *c.* 82, *s.* 10).  · The person to whom damages are awarded for land taken for a highway " may recover the same with interest" (*c.* 70, *s.* 7).   Any person compelled to pay damages for the escape of a prisoner " may recover the same" &c. (*c.* 220, *s.* 7).   " All penalties and forfeitures may be recovered by action of debt," &c. (*c.* 266, *s.* 1).   These are instances of the use of the permissive phrase " may recover," in statutes where a sum named, or one to be found by computation from given data, is always the measure of the recovery.

The act of ·Dec. 31, 1828, *s.* 7 (N. H. Laws, 1830, p. 507), provided for the recovery of " double the fees which are allowed by law to witnesses for their travel and attendance at court in the trial of civil causes," and the language giving the remedy is, " shall be entitled to have and recover in an action of the case."   Under this statute it does not appear to have been questioned that the recovery, when had, should be the double witness fees named.   *Wilson* v. *Knox*, 12 N. H. 347; *Gould* v. *Kelley*, 16 N. H. 551.   By the Revised Statutes, *c.* 188, *s.* 22, the adverse party, to whom · notice was given, was entitled to recover of the party neglecting to take the deposition twenty-five cents a mile for actual travel of himself or attorney to attend the caption.   Under that law the decisions have been that the aggrieved party was entitled to recover according to the rate fixed in the statute.   *Powers* v. *Hale*, 25 N. H. 145, 154; *Voght* v. *Ticknor*, 47 N. H. 543.   Since the adoption of the Revised Statutes, the only change made in the law was in the enactment of the General Statutes of 1867 (G. S., *c.* 210, *s.* 10), where the words " may recover," now in the statute, were substituted for the words " shall be entitled to recover."   In making this change, the commissioners of revision have not indicated, by sign or abbreviation upon the margin of their report, that any change, verbal, material, or sensible, was intended.   The obvious and natural meaning of the two phrases, as applied to the subject of the statute, is the same. The words of the one are abbreviated in the other, but the sense is not changed.   " Shall be entitled to recover" is, that the party, under the circumstances named, shall have the right, privilege, power, to maintain an action, and in the event of success, to recover the amount named in the statute.   So the words " may recover," as applied to the object of the proceeding, can only be taken as giving the right, entitling the party, if he chooses, to bring and prosecute the action, and, if he proves the necessary conditions,

recover twenty-five cents for every mile of actual travel as liqui- dated damages  Had the legislature intended that the party com- plaining should be limited in his recovery to actual expenses, or what might be found equitably due, or to some less sum than that named in the statute, the intention would in some way have been expressed, as has been done in the statute providing for the recovery of any penalty or forfeiture in a recognizance in a civil action, and in any obligation or contract under seal, where judgment shall be rendered for the amount found equitably due.

The defendants' claim that their accidental omission to take the deposition, with no fault on their part, makes a case not within the meaning of the phrase " neglects and refuses," as used in the stat- ute, and that there can be no recovery beyond the actual damages, or what is equitably due.   In *Wilson* v. *Knox, supra,* decided in 1841, where the same words were in the statute, it is said,—"The statute was designed to give an adequate and sufficient renumera- tion for expenses incurred in case of an attendance agreeably to notice, on a proposed caption of depositions, where no depositions were taken."   And in *Gould* v. *Kelley, supra, p.* 559, the "negli- gence and refusal" of the party failing to proceed with the caption is spoken of as his "default;" and in *Voght* v. *Ticknor,* in 1867, the full sum of twenty-five cents a mile was decided to be the measure of damages, although the defendant was without fault, and used due diligence in the attempt to take the deposition.   A uniform construction has been given to the statute in these deci- sions, and no distinction has been made between cases of innocent omission and wilful neglect.   The statute fixes the amount of com- pensation which the party, who is notified and attends at the time and place indicated, is entitled to recover of the party giving the notice and neglecting to take the deposition.

In *Voght* v. *Ticknor* no reasons are given for the decision, and it is understood that the judge whose name is affixed to the opinion did not agree with the majority of the court in the result announced.

Were this the first time the question had been before the court, it might be doubtful whether the recovery should not be limited to the amount equitably due; but the question of statutory con- struction has been settled by repeated decisions.

The plaintiff, having attended agreeably to the notice, is entitled to recover twenty-five cents a mile for the distance each way trav- elled by his attorney making the journey for the purpose.

*Case discharged.*

BLODGETT, J., dissented: BINGHAM, J., did not sit: the others concurred.